IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Civil No. |
| | ) | |
| Plaintiff, | ) | Judge |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH C. ISAACSON, | ) | |
| f/k/a KENNETH R. BASSETT, | ) | |
| HAZEL M. ISAACSON, | ) | |
| BARBARA CALLAHAN AS TRUSTEE OF | ) | |
| THE KENNETH R. BASSETT TRUST, | ) | |
| CAMBRIDGE TRUST CO., and | ) | |
| INSURCOMM, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction of the Attorney General of the United States and with the authorization of a delegate of the Secretary of the Treasury, brings this civil action to reduce to judgment unpaid federal tax assessments made by the Internal Revenue Service against the defendants, Kenneth C. Isaacson and Hazel M. Isaacson (hereinafter "Taxpayers"), to establish the validity of the liens of the United States under 26 U.S.C. § 6321 upon all of the property and rights to property of the Taxpayers, to declare that the defendant the Kenneth R. Bassett Trust (the "Trust"), is the nominee of the Taxpayer Kenneth Isaacson or in the alternative that it is his alter ego, as set forth more fully herein, and to foreclose federal tax liens upon the property described in this complaint, title of which is held in the name of the Trust, with such property to be sold at a judicial sale. For its complaint, the United States alleges as follows:

2966309.2

## JURISDICTION AND PARTIES

1. Jurisdiction is conferred upon the district court pursuant to 26 U.S.C. §§ 7402 and 7403 and 28 U.S.C. §§ 1331, 1340 and 1345.

2. The defendant-taxpayer Kenneth C. Isaacson, formerly known as Kenneth R. Bassett, resides in Rye, New Hampshire, within the jurisdiction of this Court.

3. The defendant-taxpayer Hazel M. Isaacson resides in Rye, New Hampshire, within the jurisdiction of this Court.

4. Barbara Callahan, as trustee of the Kenneth R. Bassett Trust, is named as a defendant to this action as required by 26 U.S.C. § 7403, for the reason that she has, or may claim, an interest in the property upon which the United States seeks to foreclose its liens.

5. Cambridge Trust Co., has a place of business at 1336 Massachusetts Avenue, Cambridge, MA 02138.  Cambridge Trust Co. is made a defendant pursuant to 26 U.S.C. § 7403 as it may claim an interest in the property upon which the United States seeks to foreclose its liens.

6. Insurcomm, Inc., has a place of business at 3510 Lafayette Road, Suite 4, Portsmouth, New Hampshire 03801.  Insurcomm, Inc. is made a defendant pursuant to 26 U.S.C. § 7403 as it may claim an interest in the property upon which the United States seeks to foreclose its liens.

**COUNT ONE (To Reduce Income Tax Assessments to Judgment)**

7. On June 26, 2000, a delegate of the Secretary of Treasury of the United States of America made an assessments in accordance with the law against the defendant-taxpayer Kenneth R. Bassett (now Isaacson) for: (i) federal income taxes in the amount of $135,191.00,

(ii) an estimated tax penalty in the amount of $313.00, (iii) a failure to pay tax penalty in the amount of $827.86, (iv) together with interest in the amount of $985.73, for the income tax period ending December 31, 1999.

8. On December 19, 2005, a delegate of the Secretary of Treasury of the United States of America made an assessments in accordance with the law against the defendant-taxpayer Kenneth R. Bassett (now Isaacson) for a failure to pay tax penalty in the amount of $3,412.43, for the income tax period ending December 31, 1999.

9. On April 26, 2004, a delegate of the Secretary of the Treasury made an assessment against the Taxpayers, Kenneth Crowell Isaacson and Hazel M. Isaacson, for: (i) federal income taxes in the amount of $463,899.00, (ii) an estimated tax penalty in the amount of $453.00, (iii) a late filing penalty in the amount of $104,377.27, (iv) a failure to pay tax penalty in the amount of $30,153.43, (v) together with interest in the amount of $24,439.31, for the income tax period ending December 31, 2002.

10. A delegate of the Secretary of the Treasury of the United States properly issued notice of the assessments described in paragraphs 7, and 8, above, to the defendant-taxpayer Kenneth C. Isaacson, and made demand for payment to the Kenneth C. Isaacson.

11. A delegate of the Secretary of the Treasury of the United States properly issued notice of the assessments described in paragraph 9, above, to the Taxpayers, and made demand for payment to the Taxpayers.

12. Despite such notice and demand, the defendant-taxpayer Kenneth C. Isaacson has failed, neglected or refused to pay the federal income tax liabilities set forth above in full, and, after the application of all abatements, payments and credits, he remains liable to the United

States for the unpaid balance of his 1999 and 2002 federal income tax liabilities in the following amount: $973,442.00, as of May 28, 2009, plus statutory additions and interest after that date.

13. Despite such notice and demand, the defendant-taxpayer Hazel M. Isaacson has failed, neglected or refused to pay the federal income tax liabilities set forth above in full, and, after the application of all abatements, payments and credits, she remains liable to the United States for the unpaid balance of her 2002 federal income tax liabilities in the following amount: $949,210.57, as of May 28, 2009, plus statutory additions and interest after that date.

## COUNT TWO  (Foreclosure of Federal Tax Liens)

14. By warranty deed dated February 14, 2002, Henry W. Clark as Trustee of the Kenneth R. Bassett Trust - 1996, purchased real property located at 48 Random Road in Rye, New Hampshire  03870, from Peter B. White as Trustee of the Peter B. White Revocable Living Trust, that is legally described as follows (hereinafter referred to as the "Property"):

> A certain piece or parcel of land, together with the buildings thereon, situated in Rye, County of Rockingham and State of New Hampshire, and shown on Lot #9 on a certain plan entitled "Subdivision of Land for Hartley B. Wormhood in Rye, New Hampshire, Parker Surveyors Associates dated August, 1982, revised September, 1982, revised February, 1984" said plan being recorded in the Rockingham County Registry of Deeds as Plan No.D-12431, and being more particularly bounded and described as follows:
>
> Beginning at a point on the Northerly sideline of Random Road, so-called, at Lot #10 as shown on said plan; thence running North 62° 53'52" East by said Lot #10 a distance of 296.86 feet to a point; thence turning and running North 28° 11'21" West by said Lot #10 a distance of 150 feet to a stonewall at land now or formerly of Ciborowski; thence running by said stonewall and land of Ciborowski by the following courses and distances: North 31° 33'21" East 301.40 feet; North 28° 19'40" East 79.92 feet; South 69° 29'24" East 29.04 feet; North 78° 27'21" East 25.03 feet; South 37° 34'21" East 324.80 feet; South 45° 05'50" East 44.30 feet; South 37° 24'10" East 84.02 feet; South 37° 31'39" East 128.75 feet; South 36° 19'27" East 42.42 feet; South 37° 13'15" East 76.39 feet; North 55° 44'34" East 23.54 feet; North 51° 01'34" East 153.10 feet; South 36° 46'27" East 126.67 feet; South 37° 32'56" East 144.05 feet; South 24° 19'29" East 82.60 feet; South 53° 58'44" West 136.98 feet to a point at land now or formerly of Galloping Green,

>Inc.; thence running by said land of Galloping Green, Inc. by the following courses and distances: North 35° 44'21" West 109.45 feet; South 65° 44'30" West 168.96 feet; South 03° 34'44" East 293.22 feet; South 02° 29'26" East 123.30 feet to a set drill hole in said wall at land now or formerly of Philbrick; thence turning and running North 67° 07'05" West by land now or formerly of Philbrick and land now or formerly of Martenson a distance of 162.26 feet; thence running North 67° 56'39" West by land now or formerly of Meade a distance of 169.63 feet to land now or formerly of Bernard; thence turning and running by Bernard land by the following courses and distances: North 18° 23'55" East 187.38 feet; North 14° 43'02" East 53.54 feet; South 85° 34'20" West 57.41 feet; South 86° 40'22" West 125.94 feet to a point at Lot #8 as shown on said plan; thence running North 66° 14'29" West by said Lot #8 a distance of 440.27 feet to Random Road, so-called; thence running by and along said Random Road by a curve to the left having a radius of 80° a distance of 150 feet to the point of beginning.  Containing 13.46 acres, more or less.
>
>Subject to a drainage easement of the Town of Rye.
>
>Also subject to an easement to New England Telephone and Telegraph Company and Public Service Company of New Hampshire dated September 21, 1984 and recorded in the Rockingham County Registry of Deeds at Book 2513, Page 327.
>
>Meaning and intending to describe an convey the same premises conveyed to Peter B. White, Trustee of the Peter B. White Revocable Living Trust by deed of Peter B. White and Cecile M. Smith dated March 30, 1999 and recorded in the Rockingham County Registry of Deeds at Book 3380, Page 1769.

The warranty deed was recorded with the Rockingham County Registry of Deeds at Book 3724, Pages 1505 through 1507.

15. The failure, neglect, or refusal of the Taxpayers to pay the taxes, penalties, and interest assessed against them following notice of the assessments and demand for payment of the same, gave rise, as of the dates of the assessments, to liens in favor of the United States, pursuant to 26 U.S.C. §§ 6321 and 6322, upon all of the property and rights to property belonging to the Taxpayers in an amount equal to the unpaid assessments, plus interest and other accruals permitted by law.  These federal tax liens are superior to any claims or other interests of the defendants to or in the property belonging to the Taxpayers, including the Property.

16. On April 6, 2006, a delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien in accordance with 26 U.S.C. § 6323(f) for the unpaid 1999 federal income tax liabilities of the defendant-taxpayer, Kenneth C. Isaacson, in the name of "Kenneth Crowell Isaacson AKA Kenneth R. Bassett" with the Registry of Deeds for Rockingham County, New Hampshire.

17. On October 10, 2006, a delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien in accordance with 26 U.S.C. § 6323(f) for the unpaid 1999 federal income tax liabilities of the Taxpayers, in the name of "Kenneth C. Sr. And Hazel J. Isaacson" with the Registry of Deeds for Rockingham County, New Hampshire.

18. On or about March 20, 2007, a delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien in accordance with 26 U.S.C. § 6323(f) for the unpaid 1999 federal income tax liabilities of the defendant-taxpayer, Kenneth C. Isaacson, in the name of "The Current Trustee of the Kenneth R. Bassett Trust – 1996 as the nominee of Kenneth C. Isaacson" with the Registry of Deeds for Rockingham County, New Hampshire.

19. On or about March 20, 2007, a delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien in accordance with 26 U.S.C. § 6323(f) for the unpaid 2002 federal income tax liabilities of the Taxpayers, in the name of "The Current Trustee of the Kenneth R. Bassett Trust – 1996 as the nominee of Kenneth C. Isaacson" with the Registry of Deeds for Rockingham County, New Hampshire.

20. In June, 1996, Kenneth C. Isaacson formed the Kenneth R. Bassett Trust - 1996. Kenneth C. Isaacson is the sole beneficiary of the trust.

21. Between 2001 and 2002, Kenneth C. Isaacson received stock distributions worth approximately $4 million as a beneficiary of the Thomas I. Crowell Trust. Kenneth C. Isaacson transferred these distributions to the Kenneth R. Bassett Trust - 1996, and the Trust used these funds to purchase the Property.

22. The defendant-taxpayer Kenneth C. Isaacson conveyed record title of the Property to the Trust after federal tax liabilities had been assessed against him and in anticipation of future federal tax liabilities while continuing to exercise control over that property.

23. The Taxpayers exercise dominion and control over the Property.

24. The Taxpayers continue to enjoy the benefits of ownership of the Property.

25. The Taxpayers continue to retain possession of the Property.

26. A close relationship exists between the defendant-taxpayer Kenneth C. Isaacson, and the Trust.

27. The Trust holds record title to the Property as the mere nominee of the defendant-taxpayer, Kenneth C. Isaacson, the true and equitable owner of the Property.

28. Alternatively, the Trust is the alter ego of the defendant-taxpayer Kenneth C. Isaacson.

29. Pursuant to Section 7403 of the Internal Revenue Code, 26 U.S.C. § 7403, the United States of America is entitled to judgment foreclosing the federal tax liens described above and a decree ordering the sale of the Property, and distributing the proceeds of such sale in accordance with the parties' respective rights and priorities.

**WHEREFORE**, the United States prays for judgment:

A. That this Court enter judgment for the United States of America against the defendants Kenneth C. Isaacson (formerly known as Kenneth Bassett) and Hazel M. Issacson jointly and severally in the amount of $949,210.57 and against the defendant-taxpayer Kenneth C. Isaacson in the amount of $24,231.43, plus statutory interest and other statutory additions from May 28, 2009;

B. That this Court determine and adjudge that the Kenneth R. Bassett Trust – 1996, is the mere nominee of Kenneth C. Isaacson, the true and equitable owner of the Property, and as such any interest held by the Trust or in the Property is subject to the valid federal tax liens of the United States, or in the alternative that the Trust is the alter ego of Kenneth C. Isaacson;

C. That this Court order the foreclosure of the United States' tax liens upon the Property described in this complaint, and that said Property be sold by a proper officer of this Court according to law, free and clear of all rights, titles, liens, claims, and interests of the parties hereto, and that proceeds of such sales be distributed, after the costs of sale, to the United States and to the other parties in accordance with the law; and,

D. That this Court award the United States of America its costs and such further relief as is just and proper.

Dated: October 1, 2009

JOHN P. KACAVAS
United States Attorney

*/s/ Andrea A. Kafka*
ANDREA A. KAFKA
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Tel: (202) 305-7932; Fax: (202) 514-5238
Email: Andrea.Kafka@usdoj.gov