UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

        v.                          Civil No. 09-cv-332-LM

<u>Kenneth C. Isaacson, et al.</u>


<u>**O R D E R**</u>


    Before the court is the defendants' Motion to Reconsider
(Doc. No. 47) this court's order of July 28, 2010. (Doc. No.
46).  In that order, this court effectively denied defendants'
request for an expedited hearing to resolve interpleader issues
and permit partial disbursement of interpleaded funds. (Doc. No.
35).  The court requested further briefing on the issues raised
by the government's Status Report (Doc. No. 44).  The parties
have addressed in their respective submissions the substantive
questions of (1) whether there is any legal authority for a
court-ordered release of a portion of funds which are subject to
the government's tax liens, and (2) whether, in any event, the
relief defendants seek is barred by the Tax Anti-Injunction act,
26 U.S.C. § 7421.  Accordingly, those issues are ripe for
decision.

    With respect to the first issue, Defendants argue that the
scope of the liens is "unjust, inequitable and a taking of their

property without due process."  That is, according to
defendants, to the extent that the liens encumber defendants'
property "in excess of the claimed lien amount," they are
inequitable and a violation of the due process clause of the
Fifth Amendment.  As the government points out, defendants cite
no authority for their assertions.  Furthermore, their argument
is undeveloped and fails to address the statutory authority the
government has regarding the attachment of liens and its
priority over many other creditors.

Specifically, pursuant to federal statutory authority, the
United States may attach liens to any property or property
rights that a taxpayer then holds or subsequently acquires.  26
U.S.C. § 6321.  Moreover, the United States has priority over
most creditors. 26 U.S.C. § 6323.  Here, defendants seek a
release of funds over which the United States has liens pursuant
to section 6321 in order to pay creditors over whom the United
States has priority pursuant to section 6323.  Defendants have
not shown by either citation to legal authority or sound legal
reasoning that this court has authority to abrogate the
operation of these statutory provisions.

Given this court's ruling with respect to the first issue,
the court declines to decide whether the Tax Anti-Injunction Act
would bar the relief defendants seek.  Neither party has briefed

the foundational issue of whether the Tax Anti-Injunction Act,
which by its terms prohibits "suit[s] for the purpose of
restraining the assessment or collection of any tax," (26 U.S.C.
§ 7421(a)), would apply to a taxpayer's request for injunctive
relief in a proceeding, such as this, which the government has
brought against the taxpayer.  Compare Bob Jones University v.
Simon, 416 U.S. 725, 737 (1974)("The Court has interpreted the
principal purpose of [the act] to be the protection of the
Government's need to assess and collect taxes as expeditiously
as possible with minimum of preenforcement judicial interference
. . . .") (emphasis added) with United States v. Springer, 2010
WL 830614, *20 (N.D. Okla. 2010)(defendant taxpayer's motion for
order enjoining levy of additional assets, made during course of
lien foreclosure suit by government, barred by Tax Anti-
injunction act).[1]

---

[1] It is clear that the form of relief that defendants seek is an
injunctive order, the purpose of which is to restrain the
assessment or collection of taxes.  See Jackson v. Caldwell,
1981 WL 1923, *2 (E.D. Mich. 1981)("To the extent plaintiff
seeks release of the escrowed funds from the reach of the
federal tax lien, the action seeks to restrain the collection of
tax and is barred by § 7421.").  In addition, to establish an
equitable exception to operation of the Tax Anti-injunction Act,
defendants must show that "under no circumstances could the
Government ultimately prevail."  Enochs v. Williams Packing Co.,
370 U.S. 1, 7 (1962).  Defendant's argument that the government
cannot "ultimately prevail" as to assets exceeding the amount of
the assessments conflates the issue of liability for taxes
assessed, to which the "ultimately prevail" language applies,
with the remedy for such adjudicated liability.

Accordingly, for the foregoing reasons, the court denies the defendants' motion to reconsider (Doc. No. 47), and further denies defendants' underlying motion (Doc. No. 35), to the extent that defendants seek an order for partial disbursement of the interpleader funds.

SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

Dated:   September 10, 2010

cc:  Gary M. Burt, Esq.
     Mary K. Ganz, Esq.
     Andrea A. Kafka, Esq.
     Bradford W. Kuster, Esq.
     Alec L. McEachern, Esq.
     Robert A. Shaines, Esq.