UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

        v.                              Civil No. 09-cv-332-LM

<u>Kenneth C. Isaacson, et al.</u>

<u>**O R D E R**</u>

Before the court is the motion of intervenors Finis E.
Williams, III, Esq., and Bradford W. Kuster, Esq., for an order
placing under seal certain documents in this case.  (Doc. No.
50).  Also before the court is the motion of Barbara Callahan
(Doc. No. 70), in her capacity as trustee of the Isaacson Family
Trust, to seal her motion to dismiss, Doc. No. 62.  Callahan's
arguments are identical to those made by Attorneys Kuster and
Williams in Doc. No. 50, and in her motion to seal, Callahan
simply incorporates those arguments by reference.  The United
States objects to these motions to seal. (Doc. No. 48).

## I.  <u>Factual Background</u>

This case is a civil action brought by the United States to
reduce to judgment tax assessments made against defendants
Kenneth and Hazel Isaacson.  Additional named defendants are
Callahan, as trustee of the Isaacson Family Trust, Cambridge
Trust Company, and Insurcomm, Inc. (Doc. No. 1).

On July 16, 2010, this court granted the motions to intervene of (1) Henry Clark and Diamond State Insurance Company, as defendant and insurer, respectively, in Kenneth Isaacson's state probate action (the "probate case"); and (2) attorneys Williams and Kuster, counsel for Kenneth Isaacson and the Isaacson Family Trust in the probate case.

Intervenors Clark and Diamond State sought intervention for the purpose of interpleading funds derived from the settlement of the probate case.  Intervenors Williams and Kuster sought intervention for the purpose of obtaining payment from the settlement funds of their fees earned as counsel for the plaintiff's in the probate case.

By their motion to seal, intervenors Williams and Kuster seek an order requiring that all documents previously filed without seal in this case be placed under seal if they "state the amount of the settlement in the probate case, or reference such amount as to allow the amount to be calculated, including the percentage of the claimed contingency fee." (Doc. No. 50, p. 2)  They further request an order providing that all future filings in this case be filed under seal if the filings meet these same criteria.  Id.  In Callahan's motion, she seeks to seal her motion to dismiss (Doc. No. 62) because it references the dollar amount of the settlement.

At oral argument, Kuster provided the factual backdrop for his motion to seal.  Kuster explained that, as a precondition to settlement of the probate case, Clark and Diamond State demanded that the dollar amount of the settlement remain confidential. Kuster explained that, in an effort to settle the case, his clients agreed to that demand.  Kuster argued that the parties' contractual interests in confidentiality outweigh the public's interest in access to the dollar amount of the settlement.

Beyond the importance to his former clients of honoring their contractual obligation, Kuster offered no other rationale for the seal.  In lieu of sealing entire documents, Kuster asked the court to order that references to the dollar amount be redacted from any documents containing that information.  Kuster asserted that the exact dollar amount of the settlement was not critical to the claims in the case.

In the court's order dated September 20, 2010, scheduling oral argument on the motions to seal, the court expressly invited counsel for Clark and Diamond State to appear and participate in oral argument "if counsel deems it necessary." (Doc. No. 63).  Counsel for Clark and Diamond State did not appear at oral argument.  Clark and Diamond State's failure to appear at oral argument is consistent with their having taken no position on Callahan's motion to seal.  See Doc. No. 70.

## II.  <u>Conclusions of Law</u>

There is a "strong common law presumption favoring public access to judicial proceedings and records."  <u>FTC v. Standard Fin. Mgmt. Corp.</u>*,* 830 F.2d 404, 410 (1st Cir. 1987).  This presumption "helps safeguard the integrity, quality, and respect in our judicial system, and permits the public to keep a watchful eye on the workings of public agencies."  <u>In re Gitto Global Corp.</u>*,* 422 F.3d 1, 6 (1st Cir. 2005) (citation and internal quotation marks omitted).  Because of these concerns, "only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access."  <u>In re Providence Journal Co., Inc.</u>, 293 F.3d 1, 10 (1st Cir. 2002) (internal quotation marks omitted). [1]  In evaluating whether to place documents under seal, a court must exercise its discretion "in light of the relevant facts and circumstances of the particular case."  <u>Anderson</u>, 805 F.2d at 12, (<u>quoting</u> <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 599 (1978)).

In the present case, the court finds that the movants have failed to establish a "compelling reason" either to place the documents under seal, or to redact references to the dollar amount of the settlement.  The court acknowledges that

---

[1] A First Amendment right of access does not appear to be implicated by the motion under consideration.  <u>See</u> <u>generally</u> <u>Anderson v. Cryovac, Inc.</u>, 805 F.2d 1, 12 (1st Cir. 1986)(discussing both First Amendment and common law doctrines of public access to judicial materials).

settlement of the probate case may not have occurred absent the confidentiality provision, and that a seal in this case honoring that provision may arguably serve to promote the settlement of disputes.

When weighed against the public's interest in access to judicial documents, the nebulous goal of promoting settlements, without some more compelling reason specific to this settlement agreement, does not justify the request to seal. See generally Brown v. Advantage Engineering, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992) (holding that parties' interest in confidentiality of terms of settlement agreement did not outweigh public's right to know). Because this case involves a suit by a governmental agency, this court is even more reluctant to find that the public's interest is outweighed by the parties' private interests. See FTC, 830 F.2d at 410 ("The appropriateness of making court files accessible is accentuated in cases where the government is a party . . . .").

A reluctance to seal is especially appropriate here, where the United States is suing on behalf of the citizens of the United States to recover funds for the United States Treasury, and the matter under seal concerns the dollar amounts available to the United States in that endeavor. As counsel for the United States pointed out at oral argument, the exact dollar amount of the settlement funds that remains after the court

rules on Williams's and Kuster's request for fees may be
dispositive on the question of whether the United States will
seek to collect assessed taxes by foreclosing on the Isaacson's
residence.

This court finds that the exact dollar amount of the
settlement funds is relevant to the disposition of the claims in
this case, including Williams's and Kuster's pending request for
fees, and that the public's right of access to this information
should not be impeded.  The motions to seal (doc. Nos. 50 and
70) are denied.

A matter raised during oral argument requires further
discussion.  Document Numbers 53 and 57 deal with matters
involving attorney-client privileged information.  At oral
argument Kuster orally sought to seal the attachments to Doc.
Nos. 53 and 57 that referenced privilege material.  Counsel for
the United States did not object to Kuster's request to seal
those attachments.  The court finds that the private and public
interests in preserving the attorney-client relationship
outweigh the public's interest in access to those documents.
See Siedle v. Putnam Investments, Inc., 147 F.3d 7, 11 (1st Cir.
1998) ("[T]he interest in preserving a durable barrier against
disclosure of privileged attorney-client information is shared
both by particular litigants and by the public, and it is an
interest of considerable magnitude. . . . that is capable of

overriding the general preference for public access to judicial records.").  The court therefore grants Kuster's oral request to seal Doc Nos. 53-2, 53-3, 53-4, and 53-5; and Doc. Nos. 57-1, 57-2, 57-3, and 57-4.

Order

It is ordered:

(1)    The motions to seal (Doc. Nos. 50 and 70) are denied.

(2)    The following documents shall be unsealed: Document Nos. 39, 48, 49, 57, and 62.

(3)    The following exhibits to Docs. No. 53 and 57 shall be placed under seal:  53-2, 53-3, 53-4, 53-5, 57-1, 57-2, 573, and 57-4.

SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

Dated: September 28, 2010

cc:  Gary M. Burt, Esq.
     Mary K. Ganz, Esq.
     David M. Klemm, Esq.
     Bradford W. Kuster, Esq.
     Alec L. McEachern, Esq.
     Robert A. Shaines, Esq.
     Kenneth C. Issaacson, pro se