```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                            Civil No. 09-cv-332-LM

Kenneth C. Isaacson, et al.


**O R D E R**

Before the court is the motion of attorneys Alec L. McEachern and Robert A. Shaines seeking leave to withdraw as counsel for defendants Barbara Callahan, Trustee of the Kenneth R. Bassett Trust, Kenneth C. Isaacson, f/k/a Kenneth R. Bassett, and Hazel M. Isaacson (Doc. No. 59), and Kenneth Isaacson's objection thereto.[1]  Neither Barbara Callahan nor Hazel Isaacson joined in Isaacson's objection, nor otherwise filed an objection to the motion to withdraw.  For the reasons set forth below, the court grants the motion to withdraw.

I.    **Procedural Background**

This case is a civil action brought by the United States to reduce to judgment tax assessments made against defendants Kenneth Isaacson and Hazel Isaacson.  Barbara Callahan, as trustee of the Kenneth R. Bassett Trust, is an additional named defendant.  Attorneys Alec L. McEachern and Robert A. Shaines

---

[1] The court construes Kenneth Issacson's motion to deny the motion to withdraw (Doc. No. 61) as an objection.

(collectively "McEachern") represent the Isaacsons and Barbara Callahan (collectively "Trust Defendants") in this case.

Attorneys Brad Kuster and Finis Williams (collectively "Kuster") are intervenors in this case who formerly represented the Trust Defendants in a state court probate case that resulted in settlement.  Because the United States and Kuster, among others, claim an interest in the settlement funds, those funds have been interpled into the present case.  Kuster has filed a request for attorneys' fees payable from the settlement funds (Doc. No. 39).

McEachern seeks leave of court to withdraw as current counsel for the Trust Defendants on the basis of what McEachern alleges is an irreconcilable ethical disagreement.  The disagreement concerns how the Trust Defendants should respond to Kuster's pending fee request.  After Kenneth Isaacson filed his objection, McEachern filed a motion to place under seal certain attorney-client communications attached to Kenneth Issacson's objection (Doc. No. 76).  Those communications include correspondence between McEachern and each of the Trust Defendants.  McEachern also moved for <u>in camera</u> review of those communications by this court (Doc. No. 73).  In the motion for <u>in camera</u> review, McEachern asked this court to rule that Kenneth Isaacson waived his attorney-client privilege as to the communications placed under seal when he submitted attorney-

2

client communications in support of his objection. The court granted the motions to seal and for in camera review, but held in abeyance, pending the in camera review, a ruling on whether Kenneth Isaacson waived his attorney-client privilege (Doc. No. 78). However, because no party has objected to this court's in camera inspection of the sealed, privileged documents, nor sought access to them, the court finds it unnecessary to rule on the question of waiver.

## II. Analysis

Under Local Rule 83.6, an attorney must seek the court's permission to withdraw from a case where, as here, there are either motions pending before the court or a trial date has been set. A court may grant leave to withdraw where "good cause" exists. See Forano v. Gannon, 124 Fed. App'x 8, at *12 (1st Cir. 2004). Under Forano, a single, "serious disagreement" over the proper and ethical way to conduct litigation constitutes "good cause" for withdrawal. See id. In determining whether a serious, ethical disagreement has arisen between a party and his attorney, this court may review attorney-client communications through an in camera inspection. See Weinberger v. Provident Life & Cas. Ins. Co., No. 2:06-CV-0358, 1998 WL 898309, *1 (S.D.N.Y. Dec. 23, 1998) (court may consider privileged material in camera to prevent a party from being prejudiced by counsel's motion to withdraw).

Kenneth Isaacson disputes the factual basis for McEachern's motion to withdraw. He contends that the purported "ethical disagreement" is nothing more than "a temporary, unresolved, difference of opinion . . . ." Kenneth Issacson asserts that the actual reason McEachern seeks to withdraw is "because counsel's payment for services will be delayed." (Doc. No. 61, pp. 3-4).

In support of his factual assertion that the alleged ethical disagreement was simply a temporary difference of opinion between attorney and client, Isaacson attached to his objection (1) a copy of e-mail correspondence from Callahan to McEachern, the Isaacsons, and Kuster (Doc. No. 61-1); and (2) a copy of privileged e-mail correspondence from Kenneth Isaacson to McEachern and Callahan (Doc. No. 61-3). The court has reviewed the above email correspondence, as well as the attorney-client communications submitted for <u>in camera</u> inspection.[2]

Having carefully reviewed the material, the court finds that the disagreement between McEachern and Kenneth Isaacson constitutes a "serious disagreement" over the proper and ethical

---

[2] Because the court is not ruling on the question of waiver, the <u>in camera</u> material (Doc. No. 75) shall remain under seal, and this court's order shall omit details of these communications. To the extent any party seeks to unseal the <u>in camera</u> material, that party shall file a pleading and brief the issue.

way to conduct this litigation. See Forano, 124 Fed. App'x 8, at *12. McEachern has, therefore, established "good cause" for withdrawal. Id.

Accordingly, the court grants McEachern's motion for leave to withdraw (Doc. No. 59).[3]

**SO ORDERED**

_____
Landya B. McCafferty
United States Magistrate Judge

Dated: November 5, 2010

cc: Gary M. Burt, Esq.
Mary K. Ganz, Esq.
Andrea A. Kafka, Esq.
David M. Klemm, Esq.
Bradford W. Kuster, Esq.
Alec L. McEachern, Esq.
Robert A. Shaines, Esq.
Kenneth C. Isaacson, pro se

---

[3] Having failed to file an objection, Barbara Callahan and Hazel Isaacson have waived any objection to McEachern's motion to withdraw. L.R. 7.1(b).