UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

    v.                                      Civil No. 09-cv-332-JL
                                            Opinion No. 2011 DNH 113
<u>Kenneth C. Isaacson f/k/a</u>
<u>Kenneth R. Bassett,</u>
<u>Hazel M. Isaacson,</u>
<u>Roberta Doheny as Trustee of</u>
<u>the Kenneth R. Bassett Trust,</u>
<u>Cambridge Trust Co., and</u>
<u>Insurcomm, Inc.</u>


**<u>MEMORANDUM ORDER</u>**

    This is a civil enforcement action brought by the United States of America, which is seeking (1) to reduce to judgment certain unpaid tax liabilities assessed by the Internal Revenue Service ("IRS") against defendants Kenneth and Hazel Isaacson; (2) to establish the validity of federal tax liens upon all of their "property and rights to property," 26 U.S.C. § 6321; (3) to declare that the defendant Kenneth R. Bassett Trust ("Trust"), of which Kenneth Isaacson (formerly Bassett) is the alleged founder and sole beneficiary, is merely his "nominee" and therefore subject to such liens; and (4) to enforce a federal tax lien upon real property in Rye, New Hampshire, which is held by the Trust but allegedly occupied and controlled by the Isaacsons.  This court has subject-matter jurisdiction under 28 U.S.C. § 1331

(federal question) and 26 U.S.C. §§ 7402-7403 (federal tax enforcement).

The Trust has moved to dismiss any claims against it, see Fed. R. Civ. P. 12(b)(6), arguing that the United States has not alleged sufficient facts to state a claim for recovery on a "nominee" theory. After hearing oral argument, this court denies the motion. While the complaint is not especially detailed, the United States has alleged sufficient facts to survive a motion to dismiss and proceed with discovery on that theory.

## I. Applicable legal standard

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff's complaint must make factual allegations sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In analyzing whether dismissal is appropriate, the court must accept as true all wellpleaded facts set forth in the complaint and must draw all reasonable inferences in the plaintiff's favor. See, e.g., Tasker v. DHL Ret. Sav. Plan, 621 F.3d 34, 38 (1st Cir. 2010).

**II.   Background**

The United States alleges that, as of May 2009, Kenneth and Hazel Isaacson each owed it about $1 million for unpaid federal income taxes, based on their income in 1999 and 2002.  In 2001 and 2002, after the IRS had assessed some of those tax liabilities, and "in anticipation of future federal tax liabilities," Kenneth Isaacson allegedly transferred about $4 million that he received in stock distributions over to the Kenneth R. Bassett Trust, which he had formed in 1996 (when his last name was Bassett) and of which he is the sole beneficiary.  The Trust allegedly used those funds, in 2002, to purchase real property in Rye, New Hampshire.

The United States alleges that the Isaacsons "exercise dominion and control" over the Rye property, "retain possession" of it, and "continue to enjoy the benefits of ownership."  The United States further alleges that Kenneth has a "close relationship" with the trust.  Based on those allegations, the United States claims that the Trust holds title to the Rye property "as the mere nominee of [Kenneth], the true and equitable owner" of the property."[1]

---

[1] While not relevant for purposes of analyzing the present motion, the defendants allege that Kenneth "has suffered from mental illness at all relevant times" and that the Trust is a valid "special needs trust" for his benefit.

### III. **Analysis**

Under the Internal Revenue Code, the United States may impose a tax lien "upon all property and rights to property, whether real or personal, belonging to [a] person" who fails or refuses to pay federal taxes. 26 U.S.C. § 6321; see also, e.g., Drye v. United States, 528 U.S. 49, 55 (1999); United States v. Murray, 217 F.3d 59, 60 (1st Cir. 2000); Markham v. Fay, 74 F.3d 1347, 1355 (1st Cir. 1996). "The tax code 'creates no property rights but merely attaches consequences, federally defined, to rights created under state law.'" Markham, 74 F.3d at 1355-56 (quoting United States v. Bess, 357 U.S. 51, 55 (1958)); see also, e.g., Murray, 217 F.3d at 63. The statutory language is "broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." Drye, 528 U.S. at 56 (quotation omitted).

It is well established that a federal tax lien may be imposed on "not only the property and rights to property owned by the delinquent taxpayer, but also property held by a third party if it is determined that the third party is holding the property as a nominee or alter ego[2] of the delinquent taxpayer." Spotts

---

[2]The United States initially alleged that the Trust was both Isaacson's nominee and his alter ego. To fall within the latter category, "the trust[] at issue" must be "not just [the taxpayer's] nominee[] with respect to [a particular property] but his alter ego for all purposes," under a reverse corporate veil-piercing analysis. In re Krause, 637 F.3d 1160, 1165 (10th Cir.

4

v. United States, 429 F.3d 248, 251 (6th Cir. 2005) (citing G.M. Leasing Corp. v. United States, 429 U.S. 338, 35051 (1977)); see also, e.g., Holman v. United States, 505 F.3d 1060, 1065 (10th Cir. 2007); Oxford Capital Corp. v. United States, 211 F.3d 280, 284 (5th Cir. 2000); Dalton v. Comm'r, 135 T.C. 393, 404 (U.S. Tax Ct. 2010); United States v. Kattar, 81 F. Supp. 2d 262, 273-75 (D.N.H. 1999) (DiClerico, D.J.).

"The nominee theory focuses upon the taxpayer's relationship to a particular piece of property," asking "whether the taxpayer has engaged in a legal fiction by placing legal title to property in the hands of a third party while actually retaining some or all of the benefits of true ownership." Holman, 505 F.3d at 1065 (citing Oxford Capital, 211 F.3d at 284). Factors that may be relevant to that analysis include:

- "No consideration or inadequate consideration is paid by the nominee;

- Property is placed in the name of the nominee in anticipation of a suit or occurrence of liabilities while the transferor continues to exercise control over the property;

- A close relationship between the transferor or the nominee exists;

- Conveyances were not recorded;

- The transferor retained possession of the property;

---

2011). At oral argument, however, the United States withdrew its alter ego theory, relying solely on the nominee theory.

- The transferor continued to enjoy the benefits of the transferred property."

Kattar, 81 F. Supp. 2d at 274 (formatting altered); see also Holman, 505 F.3d at 1065 n.1 (citing Spotts, 429 F.3d at 253 n.2); Oxford Capital, 211 F.3d at 284 n.1.[3]

The Trust argues that it cannot be considered Kenneth Isaacson's nominee with respect to the Rye property because--as the complaint acknowledges--the Trust purchased that property from a third party, not from Kenneth himself, meaning that Kenneth was not the "transferor" (for purposes of any of the factors just set forth). But, as the Tenth Circuit Court of Appeals recently explained in rejecting a similar argument:

> [A]n actual transfer of legal title [from the taxpayer to the alleged nominee] is not essential to the imposition of a nominee lien. A delinquent taxpayer who has never held legal title to a piece of property but who transfers money to a third party and directs the third party to purchase property and place legal

---

[3] The parties disagree over whether federal or state law governs the nominee analysis. The United States argues for federal law; the Trust argues for state law. Precedent on that issue is not entirely clear or consistent. See, e.g., In re Callahan, 442 B.R. 1, 5 (D. Mass. 2010) (discussing different approaches that courts have taken). This court need not resolve the issue, at least for now, because federal and state law "are so similar that the distinction is of little moment. The issue under either state or federal law depends upon who has active or substantial control." Shades Ridge Holding Co. v. United States, 888 F.2d 725, 728 (11th Cir. 1989) (citations omitted); see also Robbins v. Johnson, 147 N.H. 44, 46 (2001) ("The key to the nominee nature of a trust is that the beneficiaries are in practical control of the trust property."). Both parties agree that the factors set forth above--or substantially similar ones--should guide the nominee inquiry.

>     title in the third party's name may well enjoy the same
>     benefits of ownership of the property as a taxpayer who
>     has held legal title.  In both instances, the third
>     party may be the taxpayer's nominee.

Holman, 505 F.3d at 1065 (citing Scoville v. United States, 250 F.3d 1198, 1202-03 (8th Cir. 2001)).

That is essentially what the United States alleges here: that Kenneth transferred funds to the Trust after the IRS had assessed federal tax liabilities against him, and "in anticipation of future federal tax liabilities," which funds were used to purchase the Rye property shortly thereafter.  It is reasonable to infer that Kenneth--who allegedly founded the Trust, is its sole beneficiary, and has a "close relationship" with it--directed the Trust to make that purchase.  The United States has further alleged that, while the Trust holds legal title to the Rye property, Kenneth and Hazel "retain possession" of it, "exercise dominion and control" over it, and "enjoy the benefits of ownership."  So nearly all of the nominee factors have been expressly alleged.

The Trust argues that the complaint's allegations are "nonspecific and conclusory" and therefore insufficient to state a claim for relief.  It is true that "a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at

555 (quoting Fed. R. Civ. P. 8(a)(2)) (formatting altered).  But it is also true that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Id. (citing Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994), which stated that complaints "are supposed to be succinct" and "need not contain elaborate factual recitations").

Many of the nominee factors that the United States has alleged--e.g., that Kenneth and Hazel control, possess, and enjoy the Rye property, and that Kenneth transferred funds to the Trust in anticipation of federal tax liabilities--need no further elaboration.  They have a clear, commonsense meaning.  See Iqbal, 129 S. Ct. at 1950 (noting that the Rule 12(b)(6) analysis is "a context-specific task that requires the reviewing court to draw on . . . common sense").  The only factor for which further explanation might have been helpful is the alleged "close relationship" between Kenneth and the Trust.  Even as to that factor, however, the complaint provides at least some detail, alleging that Kenneth formed the Trust in 1996 and is its sole beneficiary.  So the allegation is not entirely "unadorned." Id. at 1949 (citing Twombly, 550 U.S. at 555).

The bottom line is that it would be reasonable to infer, from the facts alleged in the complaint, that the Trust is holding legal title to the Rye property merely as nominee for

Kenneth Isaacson, who (together with Hazel) still enjoys some or all of the benefits of true ownership.  That theory of recovery is "plausible on its face."  Id. at 1949 (quoting Twombly, 550 U.S. at 570).  The United States is therefore entitled to proceed with discovery on the nominee theory.

## IV.    Conclusion

For the reasons set forth above, the Trust's motion to dismiss[4] is DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  July 15, 2011

cc:   Andrea A. Kafka, Esq.
      David M. Klemm, Esq.
      Edward DeFranceschi, Esq.
      James Everett, Esq.
      Mary K. Ganz, Esq.

---

[4]Document no. 62 (as renewed by document no. 103).